UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAMON LAMAR CAMPBELL, | ) | |
| Plaintiff, | ) ) ) | 3:11-cv-00532-ECR-VPC |
| vs. | ) ) | **SCREENING ORDER** |
| MANUEL PORTILLO, *et al.*, | ) ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. The matter of payment of the filing fee shall be temporarily deferred. The Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Screening of the Complaint**

Plaintiff alleges that he was subject to excessive force and a denial of medical care at High Desert State Prison. Plaintiff brings action against the following persons: Correctional Officers Manuel Portillo, Colin Brown, Officer Giancola, Officer Sellers, and Officer Naylor; Associate Warden Baca; Correctional Sergeant Lindsay; Nurse Clark, and an unnamed Doe nurse. Plaintiff seeks injunctive relief and damages.

**A. Count I**

Plaintiff alleges that his Eighth Amendment rights against cruel and unusual punishment were violated, and that his First Amendment right to freedom of expression was violated. (Compl., ECF No. 1-1, at pp. 6-10).

**1. Eighth Amendment Excessive Force Claim**

Plaintiff alleges an incident occurred on August 17, 2010, in which excessive force was

inflicted on him by several officers. Plaintiff alleges that the use of force was unprovoked and that he put up no resistance. Specifically, plaintiff alleges that defendants Portillo and Brown grabbed his wrists and defendant Brown put him in a choke hold from behind, throwing him to the ground. Plaintiff was face down on the ground while being choked by defendant Brown, while Brown, Portillo, and other officers held him down. Plaintiff alleges that officers Giancola, Sellers, and Naylor also inflicted excessive force on him without provocation. Plaintiff claims that he lost consciousness, causing him to convulse and vomit. Plaintiff further alleges that upon regaining consciousness, the cuff on his left hand was so tightly fastened that it cut off circulation and caused loss of feeling in his left hand. Plaintiff has alleged adequate facts to state a cognizable Eighth Amendment claim for the use of excessive force as to defendants Portillo, Brown, Giancola, Sellers, and Naylor. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

### 2. First Amendment Claim

Plaintiff alleges that, during the altercation, defendant Naylor "restricted plaintiff of his right to the freedom of expression and discussion of my right to communication." (Compl., at p. 9). Plaintiff asserts that defendant Naylor told him to "shut up" when plaintiff attempted to speak with medical staff. Prisoners may challenge regulations that impinge on First Amendment rights if they are not reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff's allegations fail to state a cognizable claim for a violation of his First Amendment speech rights. The First Amendment claim in Count I is dismissed with prejudice for failure to state a claim.

### B. Count II

Plaintiff alleges that his Eighth Amendment rights were violated because prison staff were deliberately indifferent to his medical needs. Plaintiff alleges that Nurse Clark and an unnamed Doe defendant denied and delayed his access to medical care. (Compl., at pp. 11-12). Plaintiff alleges that after excessive force had been used on him, and he had regained consciousness, Nurse Clark and

the unnamed nurse wiped the blood and vomit from his face, but did not properly assess his injuries or render any medical care. Plaintiff claims that as a result of the use of excessive force, he suffered bruising, dizziness, a severely bitten tongue, a sore neck, worsening of a pre-existing throat condition, migraine headaches, permanent loss of hearing, and psychological trauma. (Compl., at p. 9). Plaintiff states a cognizable claim for deliberate indifference to medical needs regarding treatment of injuries sustained on August 17, 2010, as to defendant Clark and the unnamed nurse. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

### C. Count III

#### 1. Eighth Amendment Claim

Plaintiff alleges that defendant Sergeant Lindsay and Associate Warden Baca were present on August 17, 2010, when he was subjected to excessive force, but they did nothing to stop the excessive force or otherwise protect him from physical abuse inflicted by their subordinates. (Compl., at pp. 13-14). A defendant may be held liable as a supervisor under 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). The Ninth Circuit has held that the United States Supreme Court's decision in *Ashcroft v. Iqbal*, — U.S. — , 129 S.Ct. 1937 (2009), "did not alter the substantive requirements for supervisory liability claims under an unconstitutional conditions of confinement case under the Eighth and Fourteenth Amendments were deliberate indifference is alleged." *Starr v. Baca*, No. 09-55233, at *15, 2011 WL 2988827 (9th Cir. July 25, 2011). An inmate sufficiently alleges a supervisory liability claim of deliberate indifference by alleging that a correctional official failed to act to protect inmates under his care, despite his knowledge that they were in danger because of culpable acts of his subordinates and despite his ability to take actions that would have protected the inmates. *Starr v. Baca*, No. 09-55233, at *8-15, 2011 WL 2988827. In the instant case, plaintiff has alleged sufficient facts to state a supervisory liability claim against defendants Lindsay and Baca.

### 2. First Amendment Claim

Plaintiff alleges that defendants violated his freedom to speak and his right to communicate. As previously discussed in this order, plaintiff fails to state a claim for a violation of his First Amendment rights. The First Amendment claim in Count III is dismissed with prejudice.

## III. Conclusion

**IT IS THEREFORE ORDERED** that:

1. The Eighth Amendment claim in Count I for the use of excessive force as to defendants Portillo, Brown, Giancola, Sellers, and Naylor **MAY PROCEED**.
2. The First Amendment claim in Count I is **DISMISSED WITH PREJUDICE**.
3. The Eighth Amendment deliberate indifference to medical needs claim against Nurse Clark and an unnamed Doe defendant **MAY PROCEED**.
4. The supervisory liability claim in Count III against defendants Lindsay and Baca **MAY PROCEED**.
5. The First Amendment claim in Count III is **DISMISSED WITH PREJUDICE**

**IT IS FURTHER ORDERED** as follows:

1. A decision on the application to proceed *in forma pauperis* is **DEFERRED** at this time.
2. Given the nature of the claims that the Court has permitted to proceed, this action is **STAYED** for ninety (90) days to allow plaintiff and defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this ninety-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery. The Court will decide whether this case will be referred to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before ninety (90) days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-

day stay, even if a stipulation for dismissal is entered prior the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for the defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

3. "Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

4. If the case does not settle, plaintiff will be required to pay the full $350.00 filing fee. This fee cannot be waived. If the plaintiff is allowed to proceed *in forma pauperis,* the fee will be paid in installments from his prison trust account. 28 U.S.C. § 1915(b). If plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

5. The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

6. The Attorney General's Office shall advise the court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

7

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | **UNITED STATES DISTRICT COURT** | |
| 5 | **DISTRICT OF NEVADA** | |
| 6 | | |
| 7 | DAMON LAMAR CAMPBELL,      ) | 3:11-cv-00532-ECR-VPC |
| 8 |                                                  ) | |
| 9 |         Plaintiffs,                          ) | |
| 10 |                                                ) | **REPORT OF THE OFFICE OF THE** |
| 11 |    vs.                                      ) | **ATTORNEY GENERAL RE:** |
| 12 |                                                ) | **RESULTS OF THE 90-DAY STAY** |
| 13 | MANUEL PORTILLO, et al.,       ) | |
| 14 |                                                ) | |
| 15 |        Defendants.                       ) | |
| 16 | _____) | |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

REPORT FORM

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature bloc.]

\_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the court of its intent to proceed with this action.

\_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. *(If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

\_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature bloc.]

\_\_\_\_ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon*

1         *which they will file a stipulation of dismissal.)*

2    \_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the court of its intent to proceed with this action.

4    \_\_\_\_   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

6    \_\_\_\_   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____   _____
                           Print                                               Signature

Address:    _____   Phone: _____

               _____   Email: _____

               _____