UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMON LAMAR CAMPBELL, | 3:11-cv-00532-RCJ-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| | **OF U.S. MAGISTRATE JUDGE** |
| MANUEL PORTILLO, *et al.*, | |
| Defendants. | October 24, 2012 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for entry of default judgment (#44).[1] Defendants opposed (#46) and plaintiff did not file a reply. The court has thoroughly reviewed the record, and recommends that plaintiff's motion for entry of default judgment (#44) be denied.

### I.  HISTORY & PROCEDURAL BACKGROUND

Plaintiff Damon Lamar Campbell ("plaintiff"), a *pro se* inmate, is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") (#3). On August 17, 2010, plaintiff was involved in a physical altercation with multiple correctional officers at High Desert State Prison- Indian Springs ("HDSP") (#44, p. 1; #26, Ex. I (sealed)).[2] After the incident, several correctional officers, including Senior Correctional Officer Portillo, submitted written reports which

---

[1] Refers to the court's docket number.

[2] Plaintiff is now incarcerated at Ely State Prison ("ESP") (#3).

-1-

were compiled into an Investigation Detail Report (#26, Ex. I (sealed)).  At the end of Portillo's report, he noted that after plaintiff had been restrained, "Sergeant Lindsay, and Assistant Warden of Operations Baca arrived with a video camera." *Id.*

On November 28, 2011, plaintiff brought a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging prison officials at HDSP used excessive force to restrain him, exhibited deliberate indifference to plaintiff's serious medical needs, and restricted plaintiff's speech (#9).  The Court screened the complaint pursuant to 28 U.S.C. § 1915A, and allowed the following claims to proceed: (1) Eighth Amendment excessive force claim against defendants Manuel Portillo, Colin Brown, Rick Giancola, Jessica Sellers, and Michael Naylor; (2) Eighth Amendment deliberate indifference to medical needs claim against defendants Beebe Clark and Arturo Buen; and (3) supervisory liability claim against defendants Isidro Baca and Arthur Lindsay (#4, p. 6).

On June 21, 2012, in response to plaintiff's motion to compel discovery, the court ordered defendants' counsel to confer with his client to determine whether a video recording of the August 17, 2010, incident exists; and if it exists, to make arrangements for plaintiff to view the video (#37, pp. 3-4).  On June 27, 2012, defendants filed a notice informing the court that NDOC is not in possession of a video recording concerning plaintiff's August 17, 2010, altercation with correctional officers or the medical evaluation following the incident (#35, p. 1).  On August 24, 2012, the court ordered defendants to submit a declaration advising the court of their efforts to locate the video recording plaintiff seeks (#42, p. 1).  On August 29, 2012, defendants filed a notice, along with four declarations, detailing NDOC's efforts to locate the alleged video recording pertaining to the incident at issue in this lawsuit (#43).[3]  The declarations all conclude that after a thorough search, no such video recording was found (#43-1, pp, 2, 4-5, 7).

---

[3] Declarations were submitted from defendant Baca, who, at the time of the incident, was an Associate Warden at HDSP;

Plaintiff has now filed a motion for entry of default judgment (#44). Plaintiff contends that defendants are guilty of deliberate spoliation of material evidence, i.e., that they purposefully "lost" video footage which would have been incriminating to defendants. *Id.* at 3. Accordingly, plaintiff asks this court to enter a default judgment in plaintiff's favor, in the amount of $450,000, as a discovery sanction. *Id.* at 5-6, 1.

Defendants oppose plaintiff's motion on the grounds that: (1) default is procedurally improper under Fed.R.Civ.P. 55; and (2) discovery sanctions are not warranted in this case (#46, p. 2).[4]

## II.  LAW & ANALYSIS

Fed.R.Civ.P. 37(b) authorizes broad sanctions against a party who fails to comply with a discovery order. Fed.R.Civ.P. 37(b)(2)(A) provides: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . (vi) rendering a default judgment against the disobedient party." In the Ninth Circuit, terminating sanctions, such as default judgments, are only appropriate in "extreme circumstances" where the party's noncompliance is "due to willfulness, fault, or bad faith." *Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985) (citing *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981); *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (internal citations omitted).

The record reflects that defendants have complied with all court orders and have participated in discovery in good faith. Although defendants have not produced the alleged video recording that

---

Doni K. Jennings, the Director of Nursing Services at HDSP; Linda Maestes, the Health Information Coordinator at ESP; and Harold M. Byrne, an Associate Warden at ESP.

[4] The court notes that plaintiff and defendants have filed cross-motions for summary judgment on all remaining claims. On October 16, 2012, the undersigned Magistrate Judge issued a Report and Recommendation to the District Judge, recommending that plaintiff's motion for summary judgment (#29) be denied and defendants' motion for summary judgment (#25) be granted. Objections to the Report and Recommendation are due by November 2, 2012 (#49).

plaintiff seeks in this litigation, there is no indication that a video recording of the August 17, 2010, incident or the medical evaluation following the incident, actually exists. Accordingly, the court finds that discovery sanctions are not warranted, and recommends that plaintiff's motion for entry of default judgment is denied.

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that discovery sanctions, such as the entry of default, are not warranted in this case. Accordingly, the court recommends that plaintiff's motion for entry of default judgment (#44) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for entry of default judgment (#44) be **DENIED**.

**DATED: October 24, 2012.**

_____
**UNITED STATES MAGISTRATE JUDGE**