# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAMON LAMAR CAMPBELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MANUEL PORTILLO et al., ) <br> ) <br> Defendants. ) | 3:11-cv-00532-RCJ-VPC <br><br> **ORDER** |

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections. He sued Defendants in this Court under 42 U.S.C. § 1983 for various civil rights violations. The Court permitted excessive force and deliberate indifference claims under the Eighth Amendment to proceed upon screening and later adopted the Magistrate Judge's report and recommendation to grant summary judgment to Defendants. The Court of Appeals reversed only as to the excessive force claim, which remains for trial. Plaintiff now asks the Court to transfer venue to the unofficial southern division in Las Vegas for the convenience of parties and witnesses under 28 U.S.C. § 1404(a).

The case concerns an incident at High Desert State Prison ("HDSP") in Indian Springs, which is much closer to Las Vegas than to Reno. Plaintiff was incarcerated at Northern Nevada Correctional Center in Carson City (which is much closer to Reno than to Las Vegas) when he

filed the Complaint, however, which is why the case was assigned to the unofficial northern division in Reno. He has since been transferred back to HDSP. Plaintiff argues that Defendants were employed at HDSP at the time of the incident and that some of them still reside in southern Nevada.

Defendants respond that Plaintiff was transferred back to the unofficial southern division (at HDSP) over three years ago in October 2014. In this case, Plaintiff and Defendants constitute all (or nearly all) of the witnesses. No Defendant desires transfer for convenience's sake, and the one Defendant who now resides in California would be equally inconvenienced by travel to Las Vegas or Reno. Plaintiff himself will not be inconvenienced. He has no freedom to be interfered with, and Defendants disclaim any inconvenience to themselves from the task of transferring him.

Plaintiff replies that Defendants have failed to show that they will be inconvenienced or prejudiced by trial in Las Vegas. But it is Plaintiff who asks the Court to change the status quo, and he therefore has the burden of showing that it will be more convenient for Defendants, himself, and any other witnesses to hold the trial in Las Vegas. *See, e.g.*, *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Defendants disclaim any inconvenience from trial in Reno. As the Court has noted, Plaintiff will not be meaningfully inconvenienced by trial in Reno. In either location, he will likely be held in a local county jail during trial. Plaintiff identifies no other witnesses who would be inconvenienced by a trial in Reno. Finally, convenience of counsel is irrelevant under § 1404(a). *See, e.g.*, *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973) (citing *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.) (en banc), *cert. denied*, 350 U.S. 822 (1955)).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Change Venue (ECF No. 87) is DENIED.

IT IS SO ORDERED.

Dated January 16, 2018.

					_____
					ROBERT C. JONES
					United States District Judge